UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,

              Petitioner/Cross-Respondent,
                  v.

VALLE DEL SOL, INC.,

              Respondent/Cross-Petitioner.[1]

Civil Action No. 14-mc-0538-(BAH)

Judge Beryl A. Howell

## MEMORANDUM AND ORDER

The parties in this matter have engaged in a flurry of motion practice over the validity of, and compliance with, three virtually identical subpoenas issued by the United States District Court for the District of Arizona in connection with the pending consolidated case of *Valle del Sol, et al. v. Whiting et al.*, Case No. 10-cv-01061 – PHX-SRB (D. Ariz. filed May 17, 2010) ("Arizona Case"), which involves a constitutional challenge to Arizona Senate Bill 1070 ("S.B. 1070"), a controversial state immigration initiative. The plaintiffs in the Arizona Case have served subpoenas on a number of non-parties, including the Petitioner, Judicial Watch, for documents relating to the non-parties' alleged involvement "in the drafting and passage of the law." Resp'ts'/Cross-Pet'rs' Mot. to Compel Judicial Watch's Compliance with Subpoena *Duces Tecum* at 1, ECF No. 8-2; *see* Resp'ts'/Cross-Pet'rs' Mem. Supp. Mot. to Transfer Judicial Watch's Mot. to Quash ("Resp'ts' Transfer Mem."), at 1 ECF No. 7. Pending before the Court are four motions, two filed by the Petitioner and two filed by the Respondents, who are the

---

[1] The Petitioner/Cross-Respondent initiated this action against Valle Del Sol, Inc. *See* Pet'r'r's/Cross-Resp't's Mot. to Quash May Subpoena, ECF No. 1. The three subpoenas at issue, however, seek documents on behalf of multiple plaintiffs, who are Respondents in this matter. *See* Jan. Subpoena, ECF 1-3; May Subpoena, ECF 1-1; Aug. Subpoena, ECF 24-1. Accordingly, the Court refers to the Respondents in the plural, which is consistent with the Respondents/Cross-Petitioners' filings in the matter.

plaintiffs in the Arizona Case.[2]  For the reasons set out below, three of the motions are denied as moot and the last motion, which was most recently filed by the Petitioner, is transferred to the court presiding over the Arizona Case.

## I.    BACKGROUND

A brief summary of the procedural background provides helpful context to understand the Court's resolution of the pending motions.  The Respondents have served three subpoenas on the Petitioner.  The Petitioner produced approximately 44 documents in response to the first subpoena, served on January 8, 2014 ("January Subpoena"), but withheld 103 documents on attorney-client and attorney work product privilege grounds because some of the withheld documents apparently include communications with an Arizona legislator.  Resp'ts'/Cross-Pet'rs' Transfer Mot., Ex. F, Decl. of Justin B. Cox ("Cox Decl.")  ¶¶ 8-9, ECF No. 8-4; Pet'r's Mot. to Quash and/or for Protective Order  (Pet'r's Mot. Quash Aug. Subpoena") ¶ 3, ECF No. 24 (noting that Petitioner has "produced 282 pages of responsive documents to plaintiffs" and is withholding an unspecified number "under the attorney-client privilege and attorney work product doctrine").  Ultimately, the Petitioner declined to produce additional documents, contending that the January Subpoena "was unenforceable because it initially requested that documents be sent more than 100 miles from its place of business in Washington, D.C."  Resp'ts' Transfer Mem. at 4.  The Respondents addressed the purported deficiency in the January Subpoena identified by the Petitioner and served a second subpoena on May 7, 2014 ("May Subpoena"), which requested production of documents reflecting "communications between Judicial Watch and 'ARIZONA STATE OFFICIALS' (a defined term)" and provided a place of production in Washington, D.C.  *Id.*

---

[2] The Petitioner also filed a Motion to Quash Subpoena *Duces Tecum*, ECF No. 1, which initiated this matter, but that motion has been withdrawn.  Pet'r's/Cross-Resp't's Notice of Withdrawal of Mot., ECF No. 25.

Shortly thereafter, the Petitioner initiated this suit by moving to quash the May Subpoena on the ground of invalid service.  Pet'r's/Cross-Resp't's Mot. to Quash May Subpoena, at 3, ECF No. 1.  The Respondents filed a cross-motion to compel compliance with both the January and May Subpoenas, Resp'ts'/Cross-Pet'rs' Mot. to Compel, ECF No. 7, and to transfer both the motion to quash and the cross-motion to compel to the District of Arizona, Resp'ts'/Cross-Pet'rs' Mot. to Transfer, ECF No. 8.  The Petitioner opposed transfer of these motions,  Pet'r's/Cross-Resp't's Opp'n to Mot. to Transfer, ECF No. 15, and also moved to stay consideration of the merits of the Respondents' motion to compel compliance with the January and May Subpoenas until the Court had resolved "whether it has jurisdiction to adjudicate the validity of the [May] subpoena and whether the January Subpoena can be enforced," Pet'r's/Cross-Resp't's Mot. Stay, at 2, ECF No. 13.

After briefing on those cascading motions was underway, the Respondents withdrew the May Subpoena.  *See* Resp'ts'/Cross-Pet'rs' Notice of Withdrawal of May Subpoena *Duces Tecum*, ECF No. 19.[3]  While this step might have crystalized the issues before the Court and focused on the challenges to the January Subpoena, the Respondents instead served, on August 4, 2014, a third subpoena on the Petitioner ("August Subpoena").[4]  This action prompted the Petitioner to file a motion to quash the August Subpoena.  Pet'r's Mot. to Quash Aug. Subpoena,

---

[3] The parties agree that the withdrawal of the May Subpoena renders moot the Petitioner's first Motion to Quash, ECF No. 1, and the portion of the Respondents' Motion to Transfer, ECF No. 8, seeking transfer of the Petitioner's Motion to Quash. Resp'ts' Notice of Withdrawal, at 1, ECF No. 19; Pet'r's Notice of Withdrawal of Motion to Quash, ECF No. 25.  The Respondents contend, however, that "[t]he following [three] motions are unaffected by this withdrawal: Plaintiffs' Cross-Motion to Compel (Dkt. No. 7), Plaintiffs' Motion to Transfer as it pertains to their Cross-Motion to Compel (Dkt. No. 8), and Judicial Watch's Motion to Stay (Dkt. No. 13)."  Resp'ts' Resp. Notice of Withdrawal, at 1.

[4] Petitioner contests whether this Court has jurisdiction to resolve the Respondent's motion to compel compliance with the January Subpoena since it is neither the "issuing court" nor the "compliance court," as those terms are used in Federal Rule of Civil Procedure 45.  *See* Pet'r's/Cross-Resp't's Resp. to Resp'ts'/Cross-Pet'rs' Sept. 15, 2014 Notice Supp. Authority, ¶ 6; ECF No. 34; *id.* ¶ 8 ("This Court does not have jurisdiction over the January 8th subpoena.  It is not the 'court of compliance.'  It is not even the 'issuing court.'").  While both parties seek resolution of this jurisdictional issue, the Court concludes it need not address the issue when the August Subpoena has now superseded both earlier subpoenas.

at 1.  The Respondents concede that the August Subpoena is virtually identical to both the

January and May Subpoenas.  *See* Resp'ts'/Cross-Pet'rs' Resp. to Order to Show Cause at 5,

ECF No. 26 ("The May and August subpoenas are identical in all respects"); Resp'ts'/Cross-

Pet'rs' Opp'n to Pet'r's/Cross-Resp't's Mot. to Quash and/or for Protective Order ("Resp'ts'

Opp'n to Pet'r's Mot. to Quash August Subpoena"), at 11, ECF No. 28 ("the August Subpoena is

substantively identical to the January Subpoena, as modified in the meet and confer process"); *id.*

at 6 ("The August Subpoena is essentially identical to the May Subpoena and January Subpoena,

except this time Plaintiffs included the reasonable accommodation language in the text of the

August Subpoena itself"); Pet'r's Mot. to Quash Aug. Subpoena, ¶ 2 (noting that August

Subpoena is "identical to the prior subpoena *duces tecum* served on Judicial Watch in January

2014").

In light of the withdrawal of the May Subpoena, which had been the principal focus of

the prior motion practice, and the issuance of the virtually identical August Subpoena, which

superseded the prior subpoenas, the Court issued an Order to Show Cause directing the parties to

explain, among other things, *inter alia*,  (1) "Why both Respondents-Cross Petitioners' Motion to

Compel Compliance with Subpoena Duces Tecum (Doc. No. 7) and Motion to Transfer its

Motion (Doc. No. 8), and Petitioner-Cross Respondent's Motion to Stay Respondents-Cross

Petitioners' Motion (Doc. No. 13), should not all be denied as moot" and (2) "Why Petitioner-

Cross Respondent's Motion to Quash and/or for Protective Order (Doc. No. 24), which is

directed at the August 4, 2014 Subpoena Duces Tecum, should not be transferred to the District

of Arizona, pursuant to Federal Rule of Civil Procedure 45(f)."  The parties' responses to the

Order to Show Cause have informed the Court's consideration of the pending motions.

In sum, pending before the Court are the following four motions: (1) the Respondents'

Motion to Compel the Petitioner's compliance with the January Subpoena, ECF No. 7;[5] (2) the

Respondents' Motion to Transfer, ECF No. 8, which seeks to transfer only the Petitioner's

Motion to Quash the May Subpoena, ECF No. 1, and the Respondents' Motion to Compel

compliance with the January Subpoena , ECF No. 7; (3) the Petitioner's Motion for a Stay, ECF

No. 13, which requests that the Court address the validity of the January and May subpoenas

before requiring a response on the adequacy of the Petitioner's subpoena response; and (4) the

Petitioner's Motion to Quash the August Subpoena and/or for a Protective Order, ECF No. 24.

These motions are addressed in short order, with the last motion transferred, pursuant to Federal

Rule of Civil Procedure 45(f), to the issuing court presiding over the Arizona Case for resolution,

and the remaining three motions denied as moot.

## II.     DISCUSSION

Federal Rule of Civil Procedure 45(f) is a new subsection added in 2013 authorizing

transfer of subpoena-related motions by "the court where compliance is required" to the "issuing

court," either when the person subject to the subpoena consents or "if the court finds exceptional

circumstances."  The Rules do not define "exceptional circumstances" but the Advisory

Committee Note accompanying the amendment provides guidance on application of this new

subsection.  Specifically, the authority to transfer subpoena-related motions under Rule 45(f)

broadly applies to "all motions under this rule," including motions "for a privilege

determination."  FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments).  While a

"prime concern" is to "avoid[] burdens on local nonparties subject to subpoenas," this "interest[]

of the nonparty . . . in obtaining local resolution of the motion," must be balanced with the

---

[5] As noted, *supra* n. 3, the portion of the Respondents' Motion to Compel compliance with the May subpoena is
moot.

interests in ensuring the efficient, fair and orderly progress of ongoing litigation before the issuing court.  *Id.*  Thus, as the Advisory Committee Note explains, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."  *Id*.

In this case, the Petitioner's pending Motion to Quash the August Subpoena and/or for a Protective Order, ECF No. 24, should be transferred to the United States District Court for the District of Arizona to avoid "disrupting the issuing court's management of the underlying litigation."  FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments).  In evaluating whether "exceptional circumstances" are present warranting transfer, the Court must not "assume[] that the issuing court is in a superior position to resolve subpoena-related motions," *id*., but instead consider a number of factors relating to the underlying litigation.  These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.  *See, e.g*., *XY, LLC v. Trans Ova Genetics, L.C*., 2014 U.S. Dist. LEXIS 126258, at *4-5 (D.D.C. Sept. 10, 2014) (finding exceptional circumstances where issuing court "has already supervised substantial discovery and begun preparations for trial"); *Wultz v. Bank of China, Ltd*., 2014 U.S. Dist. LEXIS 73534, 27, 29 n.6 (D.D.C. May 30, 2014) (transferring subpoena-related motions in "highly complex" litigation where issuing court "is in better position to rule . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation" and to further "the interest in obtaining consistent rulings on the issues presented").  In addition, the Court should consider whether requiring the local nonparty to litigate subpoena-related motions in the issuing court would present an undue

burden or cost.  *See, e.g.*, *Trans Ova Genetics, L.C.*, 2014 U.S. Dist. LEXIS 126258, at *6

(transferring subpoena-related motion where local party was national corporation "and thus the

presumption of local resolution, carried less force") (citing *In re Subpoena to Kia Motors Am.,*

*Inc.*, No. SACV 14-315 JLS (RNBx), 2014 U.S. Dist. LEXIS 72827, at *1 (C.D. Cal. Mar. 6,

2014)).

Consideration of these factors militates strongly in favor of transfer of the Petitioner's

Motion to Quash the August Subpoena.  First, the burden on the Petitioner to litigate this matter

in Arizona is minimal.  The August Subpoena mitigates the burden on Petitioner by providing

that electronic production of responsive documents is acceptable and that Petitioner may simply

incorporate by reference all previous objections and responses.  Resp'ts' Opp'n to Pet'r's Mot. to

Quash August Subpoena at 10.  Moreover, by the Petitioner's own admission, "Judicial Watch

litigates a great many public records lawsuits across the country."  Pet'r's/Cross-Resp't's Mot. to

Quash Aug. Subpoena at ¶ 10.  Given the Petitioner's national reach and familiarity with

litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by

requiring local resolution of subpoena-related disputes is significantly reduced.

Second, the Arizona Case has been pending for four years and has involved "innumerable

discovery disputes (including several involving clients of Judicial Watch)."  Resp'ts' Resp.

OTSC at 6.  The issuing court is therefore in a far better position than this one to evaluate the

relevance of, and necessity for, the documents demanded in the August Subpoena.  Moreover,

the Petitioner has raised the extraordinary claim that it has been targeted by "these abusive

litigation tactics" in the form of "serially defective subpoenas" because the Respondents'

"attorneys quite plainly loathe Judicial Watch" and the subpoenas "are nothing more than

harassment of a despised, perceived adversary, if not retaliation for protected, public interest

advocacy that they and their counsel misunderstand and mischaracterize." Pet'r's Mot. to Quash Aug. Subpoena at ¶¶ 10-11. As the Respondents explain, the Arizona court, which has had four years to observe the Respondents' conduct in the underlying litigation, "is in the best position to evaluate Judicial Watch's argument that the Plaintiffs' August Subpoena was served for the improper purpose of attempting to harass Judicial Watch because of its political views and/or activism, rather than based on a genuine desire to gather evidence relevant to their remaining claims in the underlying litigation." Resp'ts' Resp. OTSC at 6.

More significantly, the conclusion that transfer is warranted in this case is bolstered by the grounds put forward by the Petitioner in support of its Motion to Quash the August Subpoena and relieve this nonparty from any obligation to comply further with the Respondents' document demands. Specifically, the Petitioner contends that "[t]here is nothing to enforce" because it has "already produced all of the responsive documents it was able to locate after conducting a reasonable search – some 282 pages of materials – that are not protected by the attorney-client privilege or the attorney work product doctrine." Pet'r's Mot. to Quash Aug. Subpoena at ¶ 9. Essentially then, whether the Petitioner is obligated to produce the documents being withheld on privilege grounds turns on a determination of whether the assertion of such privilege is valid.[6]

This is precisely the issue that the issuing court has grappled with in the underlying litigation and, thus, "has already ruled on issues presented by the motion." FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments). As the Respondents point out, the United States District Court for the District of Arizona has recently compelled a non-party to comply with a subpoena *duces tecum* that is substantively identical to the subpoenas at issue here, in the face of the non-party's invocation of the attorney-client privilege and/or attorney work product doctrine

---

[6] Indeed, the Petitioner has made clear that it is not objecting to subpoena compliance on grounds of "burdensomeness and First Amendment grounds" because it "has not withheld any responsive documents on these grounds." Pet'r's Mot. to Quash Aug. Subpoena at ¶ 6 n.4.

to withhold records regarding the Arizona Legislature and a state legislator.  Resp'ts'/Cross-Pet'rs' Notice Supp. Authority at 1-2, ECF No. 29.  The Petitioner contends that, by contrast to the issuing court's rejection of another person's invocation of the attorney-client privilege, "the indisputable facts plainly show that Judicial Watch has had an on-going attorney-client relationship with Senator Peace since at least as early as July 2014 and also had an attorney-client relationship with the Arizona Legislature from February 2011 until January 2012." Pet'r's/Cross-Resp't's Resp. to Resp'ts'/Cross-Pet'rs' Sept. 15, 2014 Notice Supp. Authority, ¶ 1 n. 2, ECF No. 34; Pet'r's/Cross-Resp't's Resp. to Resp'ts'/Cross-Pet'rs' Notice Supp. Authority, ¶¶ 3-4, 6, ECF No. 31.

The Petitioner's effort to distinguish the issuing court's prior privilege ruling by focusing on the substantive merits of its own invocation of privilege misses the point.  The fact that the issuing court is addressing privilege issues raised by non-parties in discovery only underscores that court's familiarity with the privilege issues being raised and confirms the need for transfer to ensure consistent rulings.

Finally, pursuant to Rule 45 (f), the transfer of motions to quash are warranted where "the same issues are likely to arise in discovery in many districts."  FED. R. CIV. P. 45(f) advisory committee's note (2013 amendments).  The Respondents note that "[c]onsistent with this principle, the district courts for the District of Kansas and the Eastern District of Virginia have recently granted [the Respondents'] Motions to Transfer similar motions to compel compliance with substantially similar subpoenas *duces tecum* served on other third parties who, like [the Petitioner], played a role in the drafting and passage of S.B. 1070."  *See* Resp'ts'/Cross-Pet'rs' Resp. to Order to Show Cause at 6, ECF No. 26 (citing *Valle del Sol v. Kobach*, No. 14-mc-219-

JAR (D. Kan. Aug. 4, 2014), ECF No. 20; Order, *In re NumbersUSA Action and NumbersUSA Educ. & Research Found.*, No. 1:14-mc-14-TSE/IDD (E.D. Va. Aug. 15, 2014), ECF No. 43).

The Court is not transferring the remaining three pending motions but denying those motions as moot.  First, the Respondent's Motion to Compel Compliance, ECF No. 7, seeks compliance with the January and May Subpoenas, even though the first of which has been superseded by the virtually identical August subpoena and the second of which has been withdrawn.  *See* Notice of Withdrawal, ECF No. 19.  Thus, this motion is moot.  The Court appreciates the Respondents' contention that the January Subpoena "is in a vastly different procedural posture than the recently served August Subpoena, and is therefore not mooted or otherwise obviated by Plaintiffs' service of the August subpoena."  Resp'ts'/Cross-Pet'rs' Resp. OTSC, at 4, ECF No. 26.  According to the Respondents, the Petitioner has "waived its opportunity to rebut the arguments in Plaintiffs' Motion to Compel, which now stands unopposed."  *Id*. at 4;  *id.* at 5 ("With respect to the January Subpoena, . . . Judicial Watch has waived the opportunity to justify its privilege claims, its deficient document search, and its refusal to produce the records in native format.").

Plainly, the Respondents want to avoid the burden of having to file a motion to compel with respect to the August Subpoena and also seek to preserve some perceived advantage in charging the Petitioner with having waived objection to the January Subpoena.  Resp'ts'/Cross-Pet'rs' Mem. Pts & Authorities Opp'n to Pet'r's/Cross-Resp't's Mot. for Protective Order and/or Quash Subpoena *Duces Tecum* (Resp'ts' Opp'n Mot for Protective Order and/or Quash Subpoena *Duces Tecum*), at 9, ECF No. 28 ("Plaintiffs also refuse to withdraw the January Subpoena because . . . the motion to compel has been fully briefed, and (iii) starting briefing over with the August Subpoena is both a waste of judicial resources and could provide Judicial Watch

a second bite at the apple regarding arguments and objections it waived with respect to the January Subpoena."). The Court is not persuaded, as strenuously as the Respondents argue, that resolving the Petitioner's challenges to the validity and enforceability of the January Subpoena is necessary. First, their contention that the Petitioner waived any objection to the January Subpoena is frivolous. The Petitioner effectively sought a delay in any substantive response to the Respondents' Motion to Compel compliance with the January Subpoena by filing its Motion to Stay. *See* Pet'r's Mot. Stay. Second, the Respondents' service of two subsequent subpoenas, both of which contain modifications designed to address the Petitioner's purported "jurisdictional" and other objections to the January Subpoena, clearly make the latest, August Subpoena the operative subpoena. According to the Respondents, the August Subpoena reflects their most current "good-faith attempt to narrow the issues in dispute between the parties and to expedite adjudication of Judicial Watch's compliance with Plaintiffs' document requests." Resp'ts' Resp. OTSC at 5. The Respondents' persistent insistence that judicial resources and attention be expended resolving disputes over the old January Subpoena is nonsensical and undercuts this "good faith attempt." For these reasons, the Respondents' Motion to Compel, which is not focused on the operative August Subpoena, is denied as moot.

Second, the Respondents' Motion to Transfer, ECF No. 8, expressly requests transfer of two motions that have been denied as moot and, consequently, that motion is no longer pending and available for transfer.

Finally, the Petitioner's Motion to Stay Briefing on Non-Jurisdictional Issues Raised in the Motion to Compel Compliance with Subpoena *Duces Tecum*, ECF No. 13, is denied as moot, since the Respondents' Motion to Compel, which is the subject of the motion for a stay, has been denied as moot.

**III.     CONCLUSION**

Accordingly, for the foregoing reasons, the Court finds that "exceptional circumstances" exist such that the United States District Court for the District of Arizona, where the underlying action is pending, should resolve the Petitioner' s Motion to Quash and/or for a Protective Order, ECF No. 24.  The remaining motions pending in this miscellaneous matter are denied as moot. An appropriate order consistent with this Memorandum Opinion will be contemporaneously filed.  The Clerk of the Court is directed to close this matter.

**SO ORDERED.**

Date:  October 3, 2014

_____
BERYL A. HOWELL
United States District Judge